NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| MEHMET IBIS, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 07-1773 (DRD) |
| | : | |
| v. | : | |
| | : | **O P I N I O N** |
| ALBERTO GONZALES, Attorney General of the United States; MICHAEL CHERTOFF, Secretary, Department of Homeland Security; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; JOHN THOMPSON, District Director, Newark Office, U.S. Citizenship & Immigration Services; EMILIO T. GONZALEZ, Director, U.S. Citizenship & Immigration Services; ROBERT S. MUELLER, III, Director, Federal Bureau of Investigation; and MICHAEL V. HAYDEN, Director, Central Intelligence Agency, | : | |
| | : | |
| Defendants. | : | |

---

Haroutyun Asatrian, Esq.
STRASSER, ASATRIAN, ASATRIAN & SYME LLP
744 Broad Street, 16th Floor
Newark, New Jersey 07102

*Attorneys for Plaintiff*


CHRISTOPHER J. CHRISTIE
United States Attorney
PETER G. O'MALLEY
Assistant U.S. Attorney

1

970 Broad Street, Suite 700
Newark, New Jersey 07102

*Attorneys for Defendants*

**DEBEVOISE, Senior District Judge**

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Mehmet Ibis ("Plaintiff"), filed the complaint in this action on April 13, 2007 (the "Complaint"). The Complaint seeks, *inter alia*, to compel action on Plaintiff's N-400 Application for Naturalization (the "Application").

In the Complaint, Plaintiff alleges the following. Plaintiff is a native and citizen of Turkey and is a permanent resident of the United States. (Compl. ¶ 13). On or about January 17, 2002, Plaintiff filed his Form N-400 Application for Naturalization (the "Application") with the former Immigration and Naturalization Service's Newark District Office. (Id. at ¶ 15). Plaintiff was interviewed by an Immigration Officer on May 20, 2003 and successfully passed the English language, history and government tests. (Id. at ¶ 16).

Plaintiff alleges that he has inquired about his Application a number of times, but has not received a meaningful reason for the delay. (Id. at ¶ 18). Additionally, Plaintiff's counsel has personally appeared in the Newark district Office to check the status of Plaintiff's Application. (Id.). In February 2006, after Plaintiff again inquired about his Application, the U.S. Citizenship & Immigration Services ("CIS") instructed him to get fingerprinted again because the previous fingerprints taken had expired. (Id. at ¶ 19). To date, Plaintiff still has not received a decision on his Application from CIS. (Id. at ¶ 16, 20).

Plaintiff alleges that the Defendants' failure to act constitutes a violation of Plaintiff's rights under the Fifth Amendment of the United States Constitution and the Administrative Procedures Act, 5 U.S.C. §§ 701 et seq. (Id. at ¶ 21-27). Plaintiff seeks the following remedies: (1) an order, pursuant to the Mandamus Act, 28 U.S.C. § 1361, compelling Defendants and those acting under them to perform their duty to adjudicate the Application; (2) a declaration, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 that Defendants actions are unlawful and constitute violations of their legal duties; (3) reasonable attorney's fees and costs under the Equal Access to Justice Act, as amended 5 U.S.C. § 504 and 28 U.S.C. § 2412; and (4) an adjudication of the Application by the court pursuant to 8 U.S.C. § 1447(b). (Id. at ¶ 28-35).

Defendants now move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, or in the alternative, to remand Plaintiff's Application to CIS for completion of the administrative process. For the reasons stated below, Defendants' motion will be denied in part and granted in part.

## II. DISCUSSION

**A.      Standard for Dismissal under Fed. R. Civ. P. 12(b)(1)**

In contrast to a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) where the court must accept all allegations as true, on a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). The court "is free to weigh the evidence and

satisfy itself as to the existence of its power to hear the case." Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines, Inc., 673 F.2d 700, 711 (3d Cir. 1982). Additionally, Plaintiff has "the burden of proof that jurisdiction does in fact exist." 549 F.2d at 891.

**B.     Statutory Scheme**

An applicant for naturalization must file a completed Form N-400 with the Attorney General. 8 U.S.C. § 1445; 8 C.F.R. § 334.2. After the applicant has filed his/her application, CIS must conduct a personal investigation of the applicant, consisting of a review of pertinent records, police department checks, and a neighborhood investigation in the vicinities where the applicant has resided and has been employed for at least the last five years. 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1. Additionally, each applicant must appear in person before a CIS officer for an examination. 8 U.S.C. § 1446(a); 8 C.F.R. § 335.2(a). This examination is to occur "only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed." 8 C.F.R. § 335.2(b).

**C.     Subject Matter Jurisdiction**

Pursuant to 8 U.S.C. § 1447(b), a district court has jurisdiction over an application for naturalization if "there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section . . . ." 8 U.S.C. § 1447(b). If the district court has jurisdiction, it may "either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." Id.

Plaintiff contends that CIS has failed to make a determination on his Application within

the 120-day period after his examination and thus argues that the court has jurisdiction to determine the matter.

Defendants concede the fact that CIS interviewed Plaintiff on May 20, 2003 and that to date, CIS has not adjudicated his Application. (Defs.' Br. 2-3). Defendants contend that the failure to adjudicate Plaintiff's Application is due to the fact that the FBI name check remains pending. (Id. at 3; Declaration of Kimberly J. Zanotti ("Zanotti Decl.") ¶ 9).

Defendants argue that because the FBI criminal background check has not been completed, the time allowed by law for CIS to make a determination on an application has not expired, and therefore, the court lacks jurisdiction. (Defs.' Br. 8). Defendants' position is that the "examination" includes not only the applicant's interview, but also all of the evidence relating to the applicant's eligibility, including the FBI background check. (Id. at 10). Thus, Defendants contend that the "examination" is conducted, for purposes of jurisdiction, not when the applicant appears for the interview, but when the entire investigation is completed. (Id.).

Defendants rely primarily on the recent Fifth Circuit Court of Appeals decision, Walji v. Gonzales, 489 F.3d 738 (5th Cir. 2007) as well as Danilov v. Aguirre, 370 F. Supp. 2d 441 (E.D. Va. 2005).

In Danilov, plaintiff applied for naturalization as a United States citizen on February 18, 2003 and was thereafter interviewed by CIS on or about January 9, 2004. Id. at 442. On February 3, 2005, plaintiff filed an action seeking injunctive relief to require CIS to act on his application or, in the alternative, to have the matter determined by the court. Id. at 443. Plaintiff argued that the 2004 interview triggered the running of the statutory 120-day period under 8

U.S.C. § 1447(b).  Id.  The defendant argued that the 120-day period began to run no earlier than the date CIS received plaintiff's FBI background investigation.  Id.  The court held that the term "examination" "is not a single event, but instead is essentially a *process* the agency follows to gather information concerning the applicant."  Id.

In Walji, the Fifth Circuit addressed similar facts.  There, Walji, a Ugandan native and Canadian citizen, filed a Form N-400 in September 2003 and was interviewed by CIS on April 6, 2004.  Two years later, after failing to receive a determination on his application, Walji filed a lawsuit in district court.  The district court, in dismissing the action for lack of jurisdiction, held that the 120-day time period for approval or denial of the application was not triggered where the FBI had not concluded its background investigation.  489 F.3d at 740.

The Fifth Circuit found that it was clear that the interview and FBI background check occurred, or did not occur, out of order.  Id. at 741.  However, the Court noted that there was "nothing inherently pernicious in conducting the process out of order" and that it would "not upset the statutory and regulatory scheme because things occurred out of order."  Id.

Walji argued for a "plain meaning" interpretation of 8 U.S.C. § 1447(b).  He argued that the statute's use of the words "date" and "conducted" makes the examination a single event, triggering the 120-day period and that because the statute differentiates between an "examination" and an "investigation," the court should not read the term "examination" as tethered to the security investigation.  Id.

The Court noted that although Walji's argument "would be a reasonable construction of the law, . . . it is not necessarily the command."  Id.  The Court found that "the plain meaning of a

statutory provision should not render another section of the statute superfluous." Id. The Court explained that "Walji's theory deprives 8 C.F.R. § 335.2(b) of any force because all that is required to circumvent the security investigation requirement is for CIS to proceed with its examination." Id. Additionally, the Court found that "while Congress probably contemplated that the examination described in § 1447(b) would be a single event that triggered the 120-day time period, Congress clearly intended the FBI's security investigation to occur before that examination takes place." Id.

In affirming the district court, the Court concluded:

> Looking to the statutory and regulatory framework as a whole, from which we draw inferences of intent, we cannot read the word "examination" in 8 U.S.C. § 1447(b), the triggering event for the 120-day period, to mean an examination that is premature because the FBI investigation mandated by 8 C.F.R. § 335.2(b) has not occurred. We therefore hold that when the CIS examination is premature because the mandatory security investigation is not complete, the 120-day time period of 8 U.S.C. § 1447(b) does not begin to run until CIS receives the FBI's "definitive response," described in 8 C.F.R. § 335.2(b).

Id.

Finally, in affirming the district court's denial of the writ of mandamus, the Court held that "[g]overnment delay alone, unless it is shown to be in bad faith or extraordinary, does not warrant such an extraordinary remedy." Id.[1]

The Third Circuit Court of Appeals has yet to rule on this issue and five decisions in the District of New Jersey have split on the issue. In all but one decision, the courts have followed

---

[1] This court notes that Walji has recently been withdrawn from the bound volume of the Federal Reporter, and thus, its precedential value is questionable.

the majority of district courts[2] and denied defendants' motions to dismiss for lack of jurisdiction. See Mohsen v. Gonzalez, Civ. A. No. 07-237 (SDW), 2007 WL 2137933 (D.N.J. July 18, 2007); Merkin v. Gonzalez, Civ. A. No. 06-6027 (SDW), 2007 WL 2066025 (D.N.J. July 13, 2007); Kheridden v. Chertoff, Civ. No. 06-4792 (SRC), 2007 WL 674707 (D.N.J. Feb. 27, 2007); Daami v. Gonzales, Civ. No. 05-3667 (KSH), 2006 WL 1457862 (D.N.J. May 22, 2006). In denying defendants' motions, the courts held that the term "examination" refers only to the applicant's interview, and thus, the court has jurisdiction pursuant to § 1447(b) where CIS has failed to make a determination within 120 days.

However, El Kassemi v. Dep't of Homeland Sec., Civ. No. 06-1010 (JAP), 2006 WL 2938819 (D.N.J. Oct. 13, 2006) held otherwise. In that case, the court, following the decision in Danilov, granted defendants' motion to dismiss for lack of subject matter jurisdiction, finding that the 120-day period did not begin to run until defendants received the results of Plaintiff's FBI background check. 2006 WL 2938819 at *2. The court found that "USCIS must be able to make a fully-informed decision regarding any application for naturalization." Id.

This court finds the majority view more persuasive. The plain language of the statutes and regulations indicate that the 120-day period begins to run upon the examination of the applicant and that the term "examination" refers to the applicant's interview and does not include the FBI background checks. See Kheridden, 2007 WL 674707 at *3-4. Thus, the court holds that because more than 120 days has passed since Plaintiff's examination, the court has subject matter jurisdiction over Plaintiff's application for naturalization.

---

[2] See Eloubaidy v. Gonzales, No. 07-11045, 2007 WL 2332477, at *2 n.3 (E.D. Mich. Aug. 15, 2007) (collecting cases).

Having decided that the court has subject matter jurisdiction, the court must determine the appropriate remedy. Pursuant to 8 U.S.C. § 1447(b), the court may "either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." Here, as the majority of district courts to decide the issue has, the court declines to determine the matter in light of the ongoing FBI background checks. See Kheridden, 2007 WL 674707 at *5 ("to adjudicate Plaintiff's application without completion of the criminal background check would contravene Congress's intent that an FBI background check be completed prior to the adjudication of every naturalization application."). Thus, the court will remand the matter to CIS with instructions to use its best efforts to determine the status of Plaintiff's FBI background check and to expedite the process. Once CIS receives the results of the background check, it is directed to make a decision on Plaintiff's naturalization application as expeditiously as possible, but no later than 60 days after receipt of the results. CIS shall notify this court as soon as a determination has been made on Plaintiff's application. The court will retain jurisdiction to consider alternative remedies shall these efforts prove to be fruitless.

### III.  CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss will denied and Defendants' motion to remand will be granted. The court will enter an order implementing this opinion.

/s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:         September 10, 2007